IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ANTHONY COWARD and<br>WENDY COWARD,<br><br>    Plaintiffs,<br><br>v.<br><br>FORESTAR REALTY, INC.;<br>NEW TOWNE PROPERTIES, LLC;<br>TEMCO ASSOCIATES, LLC; and<br>JOHN DOES 1 through 15;<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>4:15-cv-245-HLM |

**OBJECTIONS TO PROPOSED CONSENT DECREE AND PARTIAL SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT NEW TOWNE PROPERTIES, LLC.**

Defendants Forestar Realty, Inc., and Temco Associates, LLC (the "Forestar Defendants") submit these Objections to the Proposed Consent Decree and Partial Settlement Agreement Between Plaintiffs and Defendant New Towne Properties, LLC.

**Introduction**

On October 25, 2017, Plaintiffs submitted to the Court a Proposed Consent Decree and Partial Settlement Agreement Between Plaintiffs and one of the Defendants, New Towne Properties, LLC ("New Towne"). *See* Dkt. 96 ("Proposed Consent Decree"). The Proposed Consent Decree is deficient and

1

cannot be accepted by this Court for three reasons.  First, it lacks sufficient details to determine whether it is "fair, adequate, reasonable, and not the product of collusion."  *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994).  Second, it cannot be accepted until Plaintiffs comply with the Forestar Defendants' lawful discovery requests for communications and documents exchanged between the Plaintiffs and Defendant New Towne.  Finally, it fails to acknowledge a side agreement between Plaintiffs and Defendant New Towne that New Towne's corporate representative had to provide an affidavit as part of the settlement agreement, making the settlement agreement incomplete and misleading.

The Proposed Consent Decree is devoid of necessary factual information to determine whether the proposed settlement is fair, adequate, and reasonable.  The Plaintiffs are seeking recovery of attorneys' fees and costs from the Forestar Defendants, sanctions under the Clean Water Act, and damages to their property and from annoyance and inconvenience.  Yet, critical facts are missing to determine whether the sum total and specific allocation (*e.g.* as between attorneys' fees and remuneration to the Plaintiffs) of Defendant New Towne's settlement payment is just.

For example, despite an interrogatory to the effect, the Plaintiffs have not provided a formal calculation of their alleged damages, making it impossible to determine the relative size of Defendant New Towne's settlement payment.  Nor

have Plaintiffs presented an accounting of how the settlement payment will be allocated as between attorneys' fees and costs, and payments to the Plaintiffs. All of this information is necessary to determine whether the sum total and allocation between categories of damages, fees, and costs, is proper and offsets any potential liabilities of the Forestar Defendants. Absent this information, there is an insufficient basis to properly approve the Proposed Consent Decree.

Similarly, despite the Forestar Defendants' lawful Request to Produce, the Plaintiffs have not provided documents and communications exchanged with Defendant New Towne that would show unmistakable evidence of bias and motive in their settlement discussions. The Forestar Defendants have filed a Motion to Compel production of these documents. *See* Dkt. 100.

As an example of the bias and motive, it is certain that the Plaintiffs and New Towne have been coordinating with one another for months to redefine the case, shifting the focus away from the actions of Defendant New Towne, and without support, towards the Forestar Defendants. Until these documents are produced by the Plaintiffs, the Court cannot approve the Proposed Consent Decree.

The coordination between the Plaintiffs and Defendant New Towne culminated in the preparation of an affidavit by New Towne's corporate representative Jon Vansant (the "Vansant Affidavit"). The evidence makes clear that the Vansant Affidavit is an unwritten requirement of the settlement agreement

3

itself. However, nowhere does the Proposed Consent Decree reference the Vansant Affidavit, making the Proposed Consent Decree incomplete and misleading.

## Background

**A. The Plaintiffs Have Provided No Calculation of Damages, Costs, or Fees, or an Allocation of How New Towne's Settlement Payment Will be Allocated.**

While the Forestar Defendants propounded an Interrogatory that required the Plaintiffs to "identify all costs, damages, or expenses incurred by the Cowards," the Cowards have not provided this information to date.[1] Similarly, while the Proposed settlement agreement requires New Towne to make payment in the amount of $85,000 to the Plaintiffs and states that each party will bear their own attorneys' fees and costs, it does not provide an explanation of how the funds will be allocated as between fees and costs and remuneration to the Plaintiffs. Dkt. 96 at 8-9.

**B. The Plaintiffs Have Refused to Produce Key Communications and Documents Exchanged with Defendant New Towne.**

The Forestar Defendants served a production request on Plaintiffs for all documents and communications exchanged with Defendant New Towne, including those related to settlement and the Vansant Affidavit. The Plaintiffs have refused

---

[1] In response, Plaintiffs stated that they "continue to incur attorney's fees, costs, and damages. As such, the amount of these items cannot yet be ascertained."

4

to provide these key documents despite there being no valid basis to withhold them. As explained in the Forestar Defendants' Motion to Compel, Dkt. 100, there is clear evidence of bias and motive infecting the settlement discussions between Defendant New Towne and the Plaintiffs.

### C. The Conduct of New Towne and Plaintiffs Indicate that the Vansant Affidavit is an Unwritten Requirement of the Settlement Agreement.

Why would the affidavit of <u>Defendant</u> New Towne's corporate representative appear for the first time in <u>Plaintiffs'</u> "supplemental" expert report? The logical answer and the answer supported by the record is that the Vansant Affidavit was required by the Plaintiffs as part of their settlement with Defendant New Towne. However, the requirement of Defendant New Towne to prepare the Vansant Affidavit is not referenced in the Proposed Consent Decree. As a result, the Proposed Consent Decree cannot be accepted because it would be misleading without reference to the settlement agreement's requirement for New Towne to prepare the affidavit.

#### 1. The Vansant Affidavit Was Coordinated Between Plaintiffs and New Towne to be Included in the Now-Stricken Supplemental Expert Report of Plaintiffs' Expert.

On August 31, 2017, the Plaintiffs filed the Supplemental Expert Report of Brian I. Wellington. *See* Dkt. 78-1. Wellington's Supplemental Report contained the Vansant Affidavit, Defendant New Towne's representative, as an exhibit. *Id*.

5

The Plaintiffs' submission of Wellington's Supplemental Report was the first time that the Affidavit had been made available to the parties and the Court.

In Plaintiffs' view, the Vansant Affidavit was important so that they could provide an argument that the now-stricken Wellington Supplemental Report was based on "new" information (and thus, arguably, a true "supplemental" report), when in fact it was not. For example, the Vansant Affidavit contained assertions related to the installation of a "swale" and was signed on August 30, 2017, just one day before the Wellington Supplemental Report was finalized. *See* Affidavit at ¶ 10. The Wellington Supplemental Report also referenced the swale for the first time, citing the Affidavit as its basis. *See* Dkt 78-1.[2] This was no coincidence.

An e-mail between Plaintiffs and New Towne indicates that the Vansant Affidavit was specifically required by the Plaintiffs for inclusion with Wellington's Supplemental Report. *See* **Exhibit A,** E-mail from Michael P. Carvalho, Esq., to Christian Laycock, Esq., (Aug. 30, 2017) ("Can you give me an update as to when we can expect the affidavit from your client? Our Supplemental Expert Reports are due tomorrow and I want to include the same.").

---

[2] Despite Plaintiffs' efforts to characterize the Wellington Supplemental Report as based on new information, this Court correctly determined the information about the swale "appears to be based on information that was available, or should have been available, to Plaintiffs from a very early stage in the litigation." Dkt. 91 at 41-42.

6

### 2. The Plaintiffs Reviewed and Proposed Modifications to the Vansant Affidavit Before It Was Finalized.

Plaintiffs exerted influence and control over the content of the Vansant Affidavit. In an email dated August 14, 2017, counsel for Plaintiffs proposed to New Towne certain "modifications" to the Vansant Affidavit. **Exhibit B**, E-mail from Michael Carvalho, Esq., to Christian Laycock, Esq. (Aug. 14, 2017). In the same e-mail, Counsel for New Towne and Counsel for Plaintiffs also discussed the Proposed Consent Decree. *Id*.

### 3. The Only Explanation for the Vansant Affidavit is That It Was Required as Part of New Towne and Plaintiffs Settlement.

The facts indicate there was a significant level of coordination between the Plaintiffs and New Towne concerning the Vansant Affidavit, and that the Vansant Affidavit was crafted for the purpose of bolstering Plaintiffs' now-stricken expert report. The deposition of New Towne's 30(b)(6) representative confirmed that the Vansant Affidavit was required as part of settlement with the Plaintiffs:

> Q: "So it is your understanding that the plaintiffs required you to prepare this affidavit as part of your settlement?"
> A: "I understand [the Vansant Affidavit] was a request as part of the settlement; yes."

**Exhibit C,** Excerpts of Deposition of Jon Vansant at 90:10-14. This demonstrates that the Vansant Affidavit is an unwritten part of the Settlement Agreement between the parties.

**Argument & Citation to Authority**

As is well known, the general rule is that "[e]ntry of a settlement agreement is a judicial act requiring the Court's approval." *United States v. Miami-Dade Cty.*, No. 12-24400-CIV-MORE, 2014 U.S. Dist. LEXIS 180712, at *5-6 (S.D. Fla. Apr. 9, 2014). As the Eleventh Circuit has instructed, to enter a consent decree approving a settlement agreement, a district court is "required to determine that it [is] fair, adequate, reasonable, and not the product of collusion." *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994). The Fifth Circuit clarified by stating: "A district court must reject a settlement agreement no matter how acceptable it may otherwise be, if it is not free from collusion or fraud." *Maher v. Zapata Corp.*, 714 F.2d 436, 457, (5th Cir. 1983).

### A. The Court Cannot Approve the Proposed Consent Decree without Additional Information.

The Settlement Agreement requires New Towne to make payment in the amount of $85,000 to the Plaintiffs. *See* Dkt. 96 at 8. It also states that each party will bear their own attorneys' fees and costs. *Id*. at 9. However, the Court can make no determination as to whether this settlement payment is fair, adequate, and reasonable without compete information about the nature of the Plaintiffs' claimed damages and an accounting for where New Towne's payment is directed.

For example, Plaintiffs claim that flooding has damaged their home and property. While the Forestar Defendants propounded an Interrogatory that

8

required the Plaintiffs to "identify all costs, damages, or expenses incurred by the Cowards," the Cowards have not provided this information to date. Without a computation of the costs, damages, fees and expenses incurred by the Cowards, the Court cannot determine whether New Towne's settlement payment is fair, adequate, or reasonable.

In other words, there is no baseline to measure New Towne's proposed payment to establish what portion the payment represents of the Plaintiffs' alleged damages and other costs. By way of example, New Towne's proposed payment of $85,000 looks very different against a potential claim for recovery of $100,000 versus $1,000,000. Because the Forestar Defendants do not have this information at this time, the Forestar Defendants would be prejudiced should New Towne's payment not adequately compensate commensurate to New Towne's level of culpability.

Additionally, while the Settlement Agreement provides that each party will bear their own attorney's fees and costs, the Court must ascertain what portion, if any, of New Towne's settlement payment will be allotted to the Plaintiffs' attorneys' fees and costs, and what will be allotted to the Plaintiffs' claimed damages. An allotment too heavily towards attorneys' fees may be unfair in that it does not adequately make the Plaintiffs whole or account for New Towne's responsibility in the case. An allotment too heavily towards the Plaintiffs, may be

9

unfair to the Forestar Defendants in that the Plaintiffs' claims for attorney's fees and costs have not been offset. In any event, the Court must be apprised of the allotment of New Towne's proposed payment to determine whether it is fair, adequate, and reasonable.

### B. The Settlement Agreement Cannot be Approved Until the Plaintiffs Produce Documents and Communications Concerning Settlement and the Vansant Affidavit.

As explained more fully in the Forestar Defendants' Motion to Compel, Dkt. 100, the Plaintiffs have refused to provide key documents and communications exchanged with Defendant New Towne, including those related to settlement and the Vansant Affidavit. As there is evidence that the settlement discussions and Vansant Affidavit were purposefully skewed to shift the focus of the case away from Defendant New Towne and towards the Forestar Defendants, these missing documents are essential to determine whether the Proposed Consent Decree is "fair, adequate, reasonable, and not the product of collusion."

### C. The Requirement of New Towne to Prepare the Vansant Affidavit Must Be Referenced in the Settlement Agreement.

"Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that . . . counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Here, the Forestar Defendants contend that the evidence will show that the Vansant Affidavit makes unsupported and incorrect assertions concerning the case. Yet in spite of these incorrect assertions, Plaintiffs and New Towne pushed ahead in preparing and executing the Affidavit because it was an unwritten requirement of the Settlement Agreement.  As this Court has suggested, settlement agreements may be "admissible for bias or motive [where it] involves settlement with defendants formerly charged in the same case who were now potential witnesses against the remaining defendant." *Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, No. 4:12-CV-0077-HLM, 2013 U.S. Dist. LEXIS 191978, at *17 (N.D. Ga. Dec. 23, 2013) (in dicta).

Here, the Forestar Defendants may assert that the contents of the Vansant affidavit were impacted by bias or motive to settle Plaintiffs' claims with New Towne.  Accordingly, because the settlement between New Towne and Plaintiffs required the preparation of the Vansant Affidavit, the settlement agreement must be reformed to include this requirement.  As currently drafted, the absence of a reference to the requirement for New Towne to prepare the Vansant Affidavit in the settlement agreement leaves the Proposed Consent Decree materially incomplete.  It also lets the coordination between Plaintiffs and New Towne regarding the Vansant Affidavit to remain in the shadows, leading to a suggestion that there was collusion.  To remedy the currently concealed agreement between

11

Plaintiffs and New Towne requiring the preparation of the Vansant Affidavit, the Proposed Consent Decree must make the requirement explicit.

## Conclusion

The Forestar Defendants respectfully request that the Court reject Plaintiffs' Proposed Consent Decree.  The Proposed Consent Decree cannot be found "fair, adequate, reasonable, and not the product of collusion" until such time as the Plaintiffs provide: (A) a computation of all claimed damages, costs, expenses, and fees; (B) an accounting of how New Towne's proposed payment will be allotted as between attorney's fees and costs and remuneration to Plaintiffs' and (C) all documents and communications exchanged between Defendant New Towne and Plaintiffs pursuant to the Forestar Defendants' Motion to Compel.  Additionally, the Proposed Consent Decree would be materially misleading until such time as the settlement agreement makes specific reference to the currently unwritten requirement that New Towne was required to provide the Vansant Affidavit as part of its settlement with New Towne.

Dated: November 16, 2017

By: /s/  Justin T. Wong

Douglas A. Henderson (Ga. Bar No. 345537).
Justin T. Wong (Ga. Bar No. 969504)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia  30308-2216
Phone:      (404) 885-3000
Facsimile:  (404) 885-3900

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

Respectfully submitted, this 16th day of November, 2017.


By: /s/ *Justin T. Wong*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2017, a copy of the foregoing was filed via the CM/ECF system for the Northern District of Georgia, which sent notice of such filing all counsel of record.

By: */s/ Justin T. Wong*